UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE ROBERTS,<br><br>                Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant | Civil Action No. 3:22-30090-KAR |

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR SUMMARY JUDGEMENT AND PLAINTIFF, SUZANNE ROBERTS'
MOTION FOR LEAVE TO AMEND COMPLAINT
(Dkt. Nos. 31 & 32)

I. Introduction

In this Federal Torts Claim Act ("FTCA") case, plaintiff Suzanne Roberts ("Plaintiff") alleges that the defendant United States of America ("Defendant") violated its duty to maintain property it leased in a reasonably safe condition by failing to treat, salt, or sand icy conditions on the public sidewalk adjacent to the post office in Indian Orchard, Massachusetts ("Post Office"). Defendant has moved for summary judgment on the ground that it had no duty to Plaintiff to maintain the public sidewalk adjacent to the Post Office (Dkt. Nos. 32, 33). Also before the court is Plaintiff's motion to amend her complaint to assert claims against two companies she asserts had a contractual obligation to remove snow and ice at the Post Office (Dkt. No. 31). The parties have consented to this court's jurisdiction (Dkt. No. 12). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the reasons set forth below, the court grants Defendant's motion and denies Plaintiff's motion.

II. Defendant's Summary Judgment Motion

1

      A.       Relevant factual background[1]

Before December 21, 2020, Plaintiff visited the Post Office approximately once a week to mail letters (DSF ¶ 3). She typically used the outdoor mailbox to the left of the front door and did not enter the Post Office (DSF ¶ 4; Dkt. No. 34-1 at 20). On December 21, 2020, a storm dropped two to three inches or more of snow, sleet, and ice (PSF ¶ 5). According to Plaintiff, the following morning, December 22, 2020, was freezing cold (DSF ¶ 7). Sean Bahadur ("Bahadur"), a custodian employed by the Post Office, arrived at the Post Office between 5:00 and 6:00 a.m. (PSF ¶¶ 44, 47). Bahadur's job duties included shoveling and de-icing the sidewalk in front of the Post Office (PSF ¶ 45). He shoveled the sidewalk on the morning of December 22, 2020, but did not apply salt at that time (DSF ¶ 12; PSF ¶¶ 35, 48).

Around 8:00 a.m. on December 22, 2020, Plaintiff drove to the post office to mail a letter in the outdoor mailbox (DSF ¶ 6). She parked in the parking lot of the Indian Orchard Variety Store, which was across the street from the Post Office (DSF ¶ 8). Because a pile of snow blocked the sidewalk at the corner, she crossed the street and entered a plowed driveway to the right of the Post Office (DSF ¶ 9; PSF ¶¶ 32, 33). The sidewalk in front of the Post Office was shoveled but not salted (PSF ¶ 35). Once Plaintiff was on the sidewalk, she took three or four steps before slipping and falling (DSF ¶ 13). She believes she slipped on black ice (DSF ¶ 15). She was wearing winter boots with rubber soles (PSF ¶ 36). An unidentified bystander helped Plaintiff off the sidewalk and into the Post Office, where Bahadur provided Plaintiff with ice

---

[1] The facts are drawn from Plaintiff's response to Defendant's statement of material facts (Dkt. No. 36 ¶¶ 1–27) ("DSF") and Plaintiff's statement of additional material facts (Dkt. No. 36 ¶¶ 28–60) ("PSF") and are set forth in the light most favorable to Plaintiff, the non-moving party. *See, e.g., Ted's of Fayville, Inc. v. Koffi*, 452 F. Supp. 3d 1, 4 (D. Mass. 2020) (citing *Scanlon v. Dep't of Army*, 277 F.3d 598, 600 (1st Cir. 2002)).

(DSF ¶¶ 16, 17).  After Plaintiff told Bahadur that she had fallen on the sidewalk, he put salt on the sidewalk (PSF ¶ 38).

Chapter 322-1 of the City of Springfield ("City") code requires that a property owner remove any snow or ice that has fallen on the sidewalk adjacent to their property within 24 hours (DSF ¶ 24).  This snow removal obligation is imposed to make sidewalks safe and convenient for travel (DSF ¶ 25).

B.     Discussion

1.     Applicable legal standards

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue is 'genuine' for purposes of summary judgment if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party ….'" *Poulis-Minott v. Smith*, 388 F.3d 354, 363 (1st Cir. 2004) (quoting *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90 (1st Cir. 1993)).  A fact is material "if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'"  *Iverson v. City of Boston*, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (quoting *Cadle Co. v. Hayes,* 116 F.3d 957, 960 (1st Cir. 1997)).  "[T]he court must take all properly supported evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor." *Larson v. Dorland,* Civil Action No. 1:19-cv-10203-IT, 2023 WL 5985251, at *2 (D. Mass. Sept. 14, 2023) (citing *Griggs-Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir. 1990)).

> The FTCA is a limited waiver of the federal government's sovereign immunity.  It allows civil actions against the United States "for the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

3

*Wood v. United States*, 290 F.3d 29, 35 (1st Cir. 2002) (quoting 28 U.S.C. § 1346(b)). "Since every relevant event in this case occurred in Massachusetts, the substantive law of [this] jurisdiction constitutes the 'law of the place' for present purposes." *McCloskey v. Mueller*, 446 F.3d 262, 266-67 (1st Cir. 2006).

Under Massachusetts law, Plaintiff "must prove [by a preponderance of the evidence] that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage." *Jupin v. Kask,* 849 N.E.2d 829, 834-35 (Mass. 2006); *see also Davis v. Westwood Grp.,* 652 N.E.2d 567, 569 (Mass. 1995). "[W]hether a defendant exercised reasonable care, the extent of the damage caused, and whether the defendant's breach and damage were casually related" are questions of fact, whereas "the existence of a duty is a question of law and is thus an appropriate subject of summary judgment." *Jupin,* 849 N.E.2d at 835 (citing *Remy v. MacDonald*, 801 N.E.2d 260, 262 (Mass. 2004)).

"The duties of an owner of land abutting a sidewalk or other public way are limited. [Massachusetts] case law establishes that such an owner must only 'refrain from using his land or maintaining conditions or structures thereon in a manner which will interfere with the safety and convenience of travelers on the public way.'" *Halbach v. Normandy Real Estate Partners,* 63 N.E.3d 388, 390 (Mass. App. Ct. 2016) (footnote omitted) (quoting *Pritchard v. Mabrey*, 260 N.E.2d 712, 714 (Mass. 1970)). This lack of a duty to remedy conditions on abutting public sidewalks applies to the removal of snow and ice. *See Mahoney v. Perreault,* 175 N.E. 467, 468 (Mass. 1931); *Patel v. Mill No. 3,* No. 19-P-1237, 2020 WL 4689433, at *2 (Mass. App. Ct. Aug. 13, 2020) (unpublished); *Gamere v. 236 Commonwealth Ave. Condo. Ass'n,* 474 N.E.2d 1135, 1137 (Mass. App. Ct. 1985). The City's ordinances do not change this result because

"ordinances which require householders to remove snow and ice from sidewalks are for the benefit of the community at large, and not for persons who fall as a result of snow and ice." *Gamere*, 474 N.E. 2d. at 1136 (collecting cases).

      2.      Discussion

Plaintiff argues that a property owner's duty to protect invitees from dangerous conditions does not end abruptly at the property line and that owners and occupiers of land owe a duty to maintain "the part of the premises which is maintained for the visitor's entrance and exit" (Dkt. No. 35 at 5). Relying on *Papadopoulos v. Target Corp.*, 930 N.E.2d 142, 154 (Mass. 2010), the argument continues, this extends to an accumulation of ice or snow if a property owner knows or should reasonably know of a dangerous condition on its property (Dkt. No. 35 at 5-6). Further, she contends that a property owner has a duty to address or warn invitees of dangers in approaches to their premises.

The cases on which plaintiff relies do not support her position. In *Yanowitz v. Augenstern*, 179 N.E. 2d 592 (Mass. 1962), the plaintiff fell on snow and slush that had accumulated "on the inclined area which 'sloped' down from the door to the sidewalk." *Id.* at 592. The property owner admitted that the inclined entranceway was part of the property that he leased. *Id.* at 592-93. Here, Plaintiff has produced no evidence, and has not contended, that the sidewalk in front of the Post Office is part of the property that the Post Office leases. Moreover, in the instant case, Plaintiff disclaimed any intention of entering the Post Office and was not in the process of leaving the public sidewalk and entering the building when she fell. She was not injured as a result of conditions she encountered while entering or exiting the Post Office. Thus, the *Yanowitz* decision does not aid Plaintiff.

In *Booker v. Arch Realty Co. of Springfield, Inc.*, 47 Mass. App. Div. 51 (1971), a decision by the appellate division of the Massachusetts District Court, "the court held that a property owner, abutting a public sidewalk, is liable to a person injured on that sidewalk where the property owner allows third persons to use the sidewalk in such a way as to create a dangerous condition, such as ruts in snow and ice caused by cars entering and leaving the defendant's property." *Smith v. Kapetanios*, No. 00-1377B, 2001 WL 1565841, at *2 (Mass. Super. Ct. Nov. 26, 2001). Even if *Booker* could be read to support Plaintiff's position on the ground that Bahadur's actions might have resulted in ice on the sidewalk, such a reading could not be reconciled with decisions by the Massachusetts Supreme Judicial Court and the Massachusetts Appeals Court holding that a property owner who removes snow from a sidewalk does not thereby become liable to a pedestrian who thereafter slips on ice on that sidewalk. In *Mahoney v. Perreault*, 175 N.E. 467 (Mass. 1931), the Court held that a property owner who shoveled snow off the sidewalk was not liable in negligence when plaintiff slipped after snow the defendant shoveled off the sidewalk melted onto and froze on the sidewalk. *See id.* at 468. Where the defendant had not made a change to the land abutting the public sidewalk that directed water onto the sidewalk but had merely shoveled snow from the sidewalk to the curb where "it melt[ed] and [ran] over the walk and thereafter ice [was] formed," the defendant landowner was not liable to the plaintiff. *Id.* Similarly, in *Gamere,* the plaintiff fell on an unsalted sidewalk after the owner of the property had removed some of the snow from the abutting sidewalk and piled the snow between the sidewalk and street. *Gamere*, 474 N.E.2d at 1136. The court held that the defendant was not liable for negligence, stating "[t]he law is clear, … that an abutting owner is not liable for a fall on ice caused by the melting of snow which had been shoveled to the edge of the sidewalk." *Id.* at 1137. Viewing the evidence in the light most favorable to

6

Plaintiff, there was ice on the sidewalk after Bahadur shoveled it (DSF ¶¶ 12, 15; PSF ¶¶ 35, 48). In *Mahoney* and *Gamere*, however, the courts held that such an occurrence could not give rise to liability. The *Papadopoulos* case, which abolished the distinction between natural and unnatural accumulations of snow and ice, cannot be read to change the result in *Mahoney* and *Gamere* because the *Papadopoulos* court referred exclusively to the duty of "a property owner" for conditions on its property. *See, e.g., Papadopolous*, 930 N.E.2d at 154. *Papadopolous* declined to reconsider the duty of an owner of property to members of the public using a public way abutting the owner's property. *See id.* at 148 n.11.

  Finally, Plaintiff points to the Post Office's contractual obligation in its lease with the property owner "to furnish and pay for the timely removal of snow and ice from the sidewalks, driveways, parking and maneuvering areas, and any other areas providing access to the postal facility and any other area providing access to the Post Office" (Dkt. No. 36 at 5 ¶ 30). Plaintiff contends that Defendant can be liable to her for its failure to maintain the sidewalk properly because the Post Office's failure to comply with its lease obligation could be found to be the direct and proximate cause of her injuries (Dkt. No. 35 at 8-9). The Massachusetts Supreme Judicial court has rejected this argument, holding that "[t]o conclude that tort liability exists solely because the defendant did not perform a contractual duty to remove snow and ice would give rise to a common law duty which [the court] repeatedly [has] declined to impose …." *Anderson v. Fox Hill Vill. Homeowners Corp.*, 676 N.E.2d 821, 824 (Mass. 1997).

  To the extent Plaintiff claims that she could be entitled to relief as a third-party beneficiary of the Post Office's lease with the property owner, this contention also fails. To prevail on this theory, Plaintiff would have to show "that the [Post Office] and the lessor intended to give her the benefit of the promised performance." *Id.* at 822. The court "looks to

the language and circumstances of the contract for indicia of intention. The intent must be clear and definite." *Id.* (citation omitted). The City's ordinance imposed an obligation on the property owner to clear snow or ice on an adjacent sidewalk within 24 hours (Dkt. No. 36 at 4 ¶ 25). The contract imposed the lessor's obligation to comply with the City's snow removal ordinance on the Post Office, as the lessee having the daily care of the property. Plaintiff has pointed to no clear and definite indication, "express or implied, that any obligations were imposed for the benefit of [pedestrians]." *Id*. at 823.

Defendant is entitled to summary judgment because, under Massachusetts law, the Post Office had no duty to Plaintiff to clear snow or ice from a public sidewalk abutting its property and Plaintiff cannot show that the Post Office's contractual obligation to clear snow and ice from areas providing access to the Post Office was intended for her benefit.

    III.    <u>Plaintiff's Motion for Leave to Amend Complaint</u>

    A.    Relevant factual and procedural background

Plaintiff seeks leave to amend her complaint to add Case Snow Management, Inc. ("Case") and Spartan Concrete Services, Inc. ("Spartan") as defendants (Dkt. No. 31 at 1). Plaintiff's proposed second amended complaint ("PSAC") alleges that Case had a contract with the Post Office to provide services for snow and ice removal (PSAC ¶ 16), and that Case subcontracted with Spartan to perform snow and ice removal at the Post Office property (PSAC ¶ 15). The PSAC further alleges, in conclusory terms, that Case and Spartan owed a duty to Plaintiff to maintain the Post Office property in a safe condition and violated that duty, resulting in her injuries (PSAC ¶¶ 23-24). Plaintiff has not alleged, and has pointed to no evidence, that either Case or Spartan was asked to remove snow or ice from the public sidewalk or took any step that affected conditions on the public sidewalk on the day that she fell and injured herself.

8

To the contrary, in its answers to interrogatories, the Post Office stated that its custodian, Bahadur, "was responsible for snow and ice removal and treatment efforts for Post Office property and for the city-owned sidewalk abutting the Post Office on the day of the incident at issue … [and that] there were no services provided by the contractors on the day of the alleged fall" (Dkt. No. 35-6 at 3).

Plaintiff filed her complaint on July 13, 2022 (Dkt. No. 1). Following the November 22, 2022, Rule 16 scheduling conference, the court entered a scheduling order that provided, in pertinent part, that motions for leave to add claims, defenses, or parties were to be filed by May 5, 2023 (Dkt. No. 14). On December 27, 2022, the court granted Plaintiff's assented to motion for leave to file an amended complaint (Dkt. No. 18). On May 11, 2023, the court granted the parties' joint motion to extend the deadline for completion of non-expert discovery to July 24, 2023. The parties did not move to extend the deadline for the filing of motions for leave to file amendments to pleadings and the court did not extend that deadline (Dkt. No. 23). At the August 29, 2023, case management conference, Plaintiff indicated an intention to move for leave to amend her complaint to add Case and Spartan, the two contractors, as additional defendants (Dkt. No. 30). She filed her motion on October 11, 2023, having complied with the provisions of Local Rule 15.1(b), which requires service on a proposed new party at least 14 days in advance of filing the proposed amended complaint (Dkt. No. 31).

    B.    Applicable legal standards

> A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. A plaintiff is permitted to amend a complaint once as a matter of right prior to the filing of a responsive pleading by the defendant. Fed. R. Civ. P. 15(a). Thereafter, the permission of the court or the consent of the opposing party is required. The default rule mandates that leave to amend is to be "freely given when justice so requires," *id.*, unless the amendment "would be futile, or reward, *inter alia,* undue or intended delay." *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994).

> As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments (as was . . . the case here). Once a scheduling order is in place [if, as in this case, leave to amend is sought after the cut-off date established in the order], the liberal default rule is replaced by the more demanding "good cause" standard of Fed. R. Civ. P. 16(b). *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154-155 (1st Cir. 2004). This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent.

*Steir v. Girl Scouts of the USA,* 383 F.3d 7, 11-12 (1st Cir. 2004) (footnote omitted); *see also Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013). At this stage of the case, Plaintiff must show good cause for moving for leave to amend her complaint.

"[A] district court may deny leave to amend when the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" *Nikitine v. Wilmington Tr. Co,* 715 F.3d 388, 390 (1st Cir. 2103) (second alteration in original) (quoting *Palmer v. Champion Mortg.,* 465 F.3d 24, 30 (1st Cir. 2006)). "An attempt to amend is regarded as futile if the proposed amended complaint fails to state a plausible claim for relief." *Privitera v. Curran,* 855 F.3d 19, 28 (1st Cir. 2017). "In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (citing 3 MOORE'S FEDERAL PRACTICE ¶ 15.08[4], at 15-18 (2d ed. 1993)). While Plaintiff's motion for leave to amend comes late in the case, rather than relying on possible delay where the court has not been provided with information as to when Plaintiff learned about the contract between the Post Office and Case and the contract between Case and Snow, the court instead considers the question of whether the proposed amended complaint states a facially viable claim.

C. Discussion

Here, the addition of Case and Spartan as defendants would be futile. If, as the court holds, the Post Office had no duty to Plaintiff to clear ice from the sidewalk, then contractors who had nothing more than a contractual obligation to the Post Office to remove snow and treat the public sidewalk and did not perform any services on the day of Plaintiff's accident, could not have a duty to Plaintiff to clear and treat the sidewalk. First, as noted above, the Massachusetts Supreme Judicial court has held that "[t]o conclude that tort liability exists solely because the defendant did not perform a contractual duty to remove snow and ice would give rise to a common law duty which [the court] repeatedly [has] declined to impose." *Anderson,* 676 N.E.2d at 824. Second, Plaintiff cannot point to any clear and definite indication, "express or implied, that any obligations were imposed for the benefit of [someone using the public sidewalk to reach mailboxes located outside of the Post Office]" in the contract between the Post Office and Case or the contract between Case and Spartan. *See id.* at 823. At the hearing on Plaintiff's motion for leave to amend her complaint, Plaintiff's attorney acknowledged that Plaintiff could not identify any Massachusetts authority for imposing liability on entities situated as Case and Spartan are situated in this case and the court is aware of none. Because Plaintiff's proposed amended complaint does not state facially plausible claims against Case or Spartan, Plaintiff's motion for leave to amend her complaint is denied as futile. *See Jones v. Experian Info. Sols.,* 141 F. Supp. 3d 159, 161-62 (D. Mass. 2015) (denying plaintiff's motion for leave to amend his complaint where the proposed pleading failed to state any actionable claims against the newly identified defendants).

  IV. <u>Conclusion</u>

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED (Dkt. No. 32) and Plaintiff, Suzanne Roberts' Motion for Leave to Amend Complaint (Dkt. No. 31) is DENIED.  The Clerk's Office is directed to close the case on the court's docket.

It is so ordered.

Dated:  July 16, 2024                                              <u>Katherine A. Robertson</u>
                                                                                            KATHERINE A. ROBERTSON
                                                                                            U.S. MAGISTRATE JUDGE